UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
DOROTHY MABEY

2020 Civ. _____ (\_\_)

Plaintiffs,

**COMPLAINT**

-against-

TARGET CORPORATION

Jury Trial Demanded

Defendant.
-------------------------------------------------------------------------x

Plaintiffs, by her attorneys, GEWIRTZ LAW FIRM, LLP complaining of the Defendant, respectfully alleges, upon information and belief, as follows:

THE PARTIES

1. At all times hereinafter mentioned, plaintiff was and is a resident of the County of Nassau and State of New York.

2. Upon information and belief, at all times hereinafter-mentioned, defendant, TARGET CORPORATION, was and is a corporation created, organized and existing under the laws of the State of Minnesota

3. Upon information and belief, at all times hereinafter-mentioned, Defendant's principle office is located at 1000 Nicollet Mall, Minneapolis, New York 55403.

JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the plaintiff, who is a resident of the County of Nassau and

State of New York, and the defendant herein, whose principal office/ place of business is located in Minnesota , and the amount in controversy exceeds $75,000.

5. Venue is properly placed in the United States District Court for the Eastern District of New York since the plaintiff resides in this district and plaintiffs' treating physicians maintain offices in the County of Nassau and State of New York.

FACTS

6. On August 22nd, 2019, defendant, TARGET CORPORATION, was the owner of the premises/store located at 999 Corporate Drive, Westbury, New York 11590

7. On August 22nd, 2019, defendant, TARGET CORPORATION, leased the premises/store located at 999 Corporate Drive, Westbury, New York 11590

8. On the aforesaid date, defendant, TARGET CORPORATION, its agents, employees and/or servants operated the business located at 999 Corporate Drive, Westbury, New York 11590

9. On the aforesaid date, defendant, TARGET CORPORATION, its agents, employees and/or controlled the aforesaid business.

10. On the aforesaid date, defendant, TARGET CORPORATION, its agents, employees and/or servants controlled the premises located at 999 Corporate Drive, Westbury, New York 11590

11. On the aforesaid date, defendant, TARGET CORPORATION, its agents, employees and/or servants maintained the premises located at 999 Corporate Drive, Westbury, New York 11590

12. On the aforesaid date, defendant, TARGET CORPORATION had a duty to maintain the aforementioned premises in a reasonably safe condition.

13. On August 22nd, 2019, the plaintiff was a patron at the defendant's premises at the aforesaid address.

14. On August 22nd, 2019, plaintiff was shopping at the aforesaid store when a piece of loose ceiling fell on her head.

15. The above-mentioned incident caused severe injuries to plaintiff.

16. The defendant, TARGET CORPORATION, its agents, servants and/or employees were careless and negligent in failing to keep and maintain the aforementioned premises and accident location in a safe and proper condition; in causing, allowing and permitting the accident location to be, become and remain in a dangerous, hazardous and trap-like condition; in failing to properly and adequately supervise their agents, servants and/or employees in maintaining the premises in general and accident location in particular; in causing the ceiling to remain in a , hazardous and trap-like condition; in causing, allowing and permitting the ceiling to become and remain in a dangerous, hazardous and trap-like condition for an unreasonable amount of time prior to the accident herein; in failing to hire or contract with competent personnel to insure that the premises in general and accident location in particular was kept in a proper and safe condition; in hiring incompetent personnel to insure that the premises in general and accident location in particular was kept in a proper and safe condition; in failing to properly supervise cleaning and/or maintenance personnel; in failing to inspect the ceiling to determine if said area was in a proper and safe condition; in failing to give any warning of the loose ceiling structure; in failing to put a proper and safe protection to prevent pieces of the ceiling from collapsing; in failing to detect, remedy or remediate the dangerous, hazardous and trap-like condition prior to the accident herein, although there was a reasonable amount of time to do so, so as to prevent the type and nature of accident which occurred; in failing to give sign,

signal and/or warning to plaintiff and others that the accident location was in a dangerous, hazardous and trap-like condition; in otherwise failing to exercise due care, diligence and forbearance so as to have avoided this accident and the injuries to plaintiff herein; and in violating those laws, ordinances, statutes, rules and regulations applicable thereto, of which the Court may take judicial notice and Plaintiff has no further information until discovery is exchanged. Said accident occurred without any contributory negligence on the part of the claimant.

17. Solely by reason of the said accident and the negligence and carelessness of the defendant, as aforesaid, plaintiff, DOROTHY MABEY, is personally and severely injured, does incur expenses for medical care and treatment and is unable to attend to usual duties, and, upon information and belief, certain of plaintiff's injuries, together with the pain, suffering and inconvenience accompanying the same, are permanent in nature and will continue in the future, all to plaintiff's damage in a sum which exceeds the sum of $75,000.00.

18. That by reason of the foregoing, the plaintiff, DOROTHY MABEY, has been damaged in an amount exceeding the sum of $75,000.00.

19. Article 16 does not apply to the aforementioned facts and circumstances.

**WHEREFORE**, plaintiff demands judgment against the defendant TARGET CORPORATION for a sum of which exceeds the sum of $75,000.00, together with the costs and disbursements of this action.

DATED: Jericho, New York
         November 12, 2020

By: _____
EVAN GEWIRTZ, ESQ. (EG9695)
GEWIRTZ LAW FIRM, LLP
*Attorneys for all Plaintiff*
366 North Broadway, Suite 400
Jericho, New York 11753
(516) 829-1600
egewirtz@tglfny.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT ON NEW YORK                                    2020

DOROTHY MABEY

                                                    Plaintiff,
            - against -

TARGET CORPORATION

                                                    Defendant.


**SUMMONS/COMPLAINT/CIVIL COVER SHEET**


                                                    Plaintiff




                                                    Evan Gewirtz, Esq.